**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JULIO CANCINO and WILLIAM LAGOS,** individually and on behalf of all others similarly situated, | |
| **Plaintiffs,** | No: 18 Civ. 7219 |
| -against- | |
| **JANBAR, INC., JANBAR GROUP, INC., and JANUSZ BARTNICKI individually,** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Julio Cancino and William Lagos (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation and other damages for Plaintiffs and their similarly situated roofers, masons, laborers, and non-exempt hourly co-workers (collectively, "Non-Exempt Hourly Workers") who work or have worked for Janbar, Inc., Janbar Group, Inc., and Janusz Bartnicki (collectively, "Janbar" or "Defendants").

2.     Owned and operated by Defendant Janusz Bartnicki ("Bartnicki"), Janbar provides a range of general construction services including roofing, exterior restoration, waterproofing, masonry, interior remodels, and new building construction in the New York City, New Jersey, and

Long Island areas.

3.      Janbar was founded in Brooklyn, New York in 2002.  Since its inception, the company "has been responsible for completing over a hundred projects" including those involving "very important and famous landmark buildings."[1].

4.      At all relevant times, Defendants have compensated Plaintiffs and other Non-Exempt Hourly Workers, including roofers, masons, restorers, and general construction workers on an hourly basis.

5.      Despite being non-exempt employees, Defendants have failed to properly pay Plaintiffs and other Non-Exempt Hourly Workers overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6.      In this regard, Defendants engage in impermissible practice of providing their Non-Exempt Hourly Workers with their regular rate of pay for all hours worked regardless of the total number of hours worked.

7.      Plaintiffs bring this action on behalf of themselves and all other similarly-situated Non-Exempt Hourly Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

8.      Plaintiffs also bring this action on behalf of themselves and all other similarly-situated Non-Exempt Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

_____

[1] http://www.janbarinc.com/?page_id=25

## THE PARTIES

**Plaintiffs**

**Julio Cancinco**

9.    Julio Cancino ("Cancino") is an adult individual who is a resident of the Bronx, New York.

10.    Cancino was employed by Janbar as a roofer from on or about October 20, 2017 to on or about March 5, 2018.

11.    Cancino is a covered employee within the meaning of the FLSA and the NYLL.

12.    A written consent form for Cancino is being filed with this Class Action Complaint.

**William Lagos**

13.    William Lagos ("Lagos") is an adult individual who is a resident of the Bronx, New York.

14.    Lagos was employed by Janbar as a laborer and mason from in or around 2012 to on or about July 3, 2018.

15.    Lagos is a covered employee within the meaning of the FLSA and the NYLL.

16.    A written consent form for Lagos is being filed with this Class Action Complaint.

**Defendants**

17.    Defendants jointly employed Plaintiffs and similarly-situated employees at all times relevant.

18.    Each Defendant has had substantial control over Plaintiffs' and similarly-situated employees' working conditions, and over the unlawful policies and practices alleged herein.

19.    During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Janbar, Inc.**

20.     Janbar, Inc. is a domestic business corporation organized and existing under the laws of New York.

21.     Janbar, Inc. principal executive office is located at 69 Engert Avenue, Brooklyn, New York 11222, a property owned by Bartnicki.

22.     Janbar, Inc. was and is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiffs and similarly-situated employees.

23.     Janbar, Inc. has maintained control, oversight, and direction over Plaintiffs and similarly-situated employees, including timekeeping, payroll, and other employment practices that applied to them.

24.     In this regard, Janbar, Inc. is the name of the entity that appears on Cancino's pay stubs.

25.     Janbar, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

26.     Upon information and belief, at all relevant times, Janbar, Inc. has had an annual gross volume of sales in excess of $500,000.

**Janbar Group, Inc.**

27.      Janbar Group, Inc. is a domestic business corporation organized and existing under the laws of New York.

28.     Janbar Group, Inc. principal executive office is located at 676 Humboldt Street, Brooklyn, New York 11222, a property owned by Bartnicki.

29.     Janbar Group, Inc. was and is a covered employer within the meaning of the FLSA

and the NYLL, and at all times relevant, employed Plaintiffs and similarly-situated employees.

30.     Janbar Group, Inc. has maintained control, oversight, and direction over Plaintiffs and similarly-situated employees, including timekeeping, payroll, and other employment practices that applied to them.

31.     Janbar Group, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

32.     Upon information and belief, at all relevant times, Janbar Group, Inc. has had an annual gross volume of sales in excess of $500,000.

**Janusz Bartnicki**

33.     At all relevant times herein, Bartnicki has owned and/or operated Janbar, Inc. and Janbar Group, Inc.

34.     Upon information and belief, Bartnicki is a resident of the State of New York.

35.     According to the New York State Department of State Division of Corporations, Bartnicki is the Chief Executive Officer of Janbar, Inc. and Janbar Group, Inc.

36.     In addition, Bartnicki lists himself as the Founder and Owner of Janbar, Inc. on Janbar's corporate website.[2]

37.     Bartnicki maintains a direct and significant management role in Janbar. In this regard, Cancino identified Barnicki as the owner of Janbar.

38.     At all relevant times, Bartnicki has had the power over payroll decisions at Janbar, including the power to retain time and/or wage records.

39.     At all relevant times, Bartnicki has been actively involved in managing the day to

---

[2] www.janbarin.com/?page_id=23.

day operations of Janbar.

40.    At all relevant times, Bartnicki has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly-situated employees at Janbar.

41.    At all relevant times, Bartnicki has had the power to transfer the assets and/or liabilities of Janbar.

42.    At all relevant times, Bartnicki has had the power the declare bankruptcy on behalf of Janbar.

43.    At all relevant times, Bartnicki has had the power to enter into contracts on behalf of Janbar.

44.    At all relevant times, Bartnicki has had the power to close, shut down, and/or sell Janbar.

45.    Bartnicki is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, he has employed and/or jointly employed Plaintiffs and similarly-situated employees.

## JURISDICTION AND VENUE

46.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

47.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

48.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly-situated persons who work or have worked as Non-Exempt Hourly Workers for Janbar who elect to opt-in to this action (the "FLSA Collective").

50.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

51.     Consistent with Defendants' policies and patterns or practices, Plaintiffs and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

52.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

53.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Non-Exempt
> Hourly Workers for Janbar, Inc. and/or Janbar Group,
> Inc. in New York between August 7, 2012 and the date
> of final judgment in this matter (the "Rule 23 Class").

7

55.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56.     There are more than fifty members of the Rule 23 Class.

57.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Class in separate actions.

58.     Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected everyone in the Rule 23 Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Class.

59.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

60.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

61.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

62.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and/or each member of the Rule 23 Class individually and include, but are not limited to, the following:

> (a)  whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (b)  whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL; and
>
> (c)  whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

63.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Julio Cancino**

64.     Cancino was employed by Defendants as a roofer from on or about October 20, 2017 through on or about March 5, 2018.

65.     During his employment, Cancino was assigned to several of Defendants' work sites throughout the five boroughs, including sites in Manhattan and the Bronx.  Specifically, Cancino worked for several weeks at Defendants' work site located at 400 West End Avenue in Manhattan.

66.     During his employment, Cancino generally worked approximately 50 hours per week, unless he missed time for vacation, sick days or holidays, or obtained additional shifts.  For example, in 2018, he would generally work 5 days per week (Monday to Friday), 8:00 a.m. to 6:00 p.m.

67.     Despite regularly working approximately 50 hours per workweek, Defendants failed to compensate Cancino with proper overtime compensation of 1.5 times his regular rate of

pay for all hours he was suffered or permitted to work in excess of 40 hours per workweek.

68.     In this regard, Defendants only provided Cancino with his regular rate of pay for all hours worked regardless of the actual number of hours worked.

69.     Throughout his employment, Defendants failed to provide Cancino with accurate wage statements with each payment of wages as required by the NYLL.

70.     Defendants failed to provide Cancino with proper annual wages notices as required by the NYLL.

**William Lagos**

71.     Lagos was employed by Defendants as a laborer and mason from in or around 2012 through on or about July 3, 2018.

72.     During his employment, Lagos was assigned to several of Defendants' work sites throughout the five boroughs, including sites in Manhattan and the Bronx.  Specifically, Lagos worked for several weeks at Defendants' work sites located at Fordham University in the Bronx, 33rd Street and Second Avenue in Manhattan, and 36th Street and Eighth Avenue in Manhattan.

73.     During his employment, Lagos generally worked approximately 50 hours per week, unless he missed time for vacation, sick days or holidays, or obtained additional shifts.  For example, in 2018, he would generally work 5 days per week (Monday to Friday), 8:00 a.m. to 6:00 p.m.

74.     Despite regularly working approximately 50 hours per workweek, Defendants failed to compensate Lagos with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work in excess of 40 hours per workweek.

75.     In this regard, Defendants only provided Lagos with his regular rate of pay for all hours worked regardless of the actual number of hours worked.

76.     Throughout his employment, Defendants failed to provide Lagos with accurate wage statements with each payment of wages as required by the NYLL.

77.     Defendants failed to provide Lagos with proper annual wages notices as required by the NYLL.

<h3 align="center">FIRST CAUSE OF ACTION</h3>
<strong>Fair Labor Standards Act – Overtime Wages<br>(Brought on behalf of Plaintiffs and the FLSA Collective)</strong>

78.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of FLSA Collective.

80.     Plaintiffs and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

81.     Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

82.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

83.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

84.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

85.     Defendants failed to pay Plaintiffs and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

86.     Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

87.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

88.     Defendants have failed to supply Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

90.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

91.     Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92.     Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23

Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.       That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Hourly Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Janbar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.       Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.       Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.       Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.       Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars

each, as provided for by NYLL, Article 6 § 198;

      G.     Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

      H.     Prejudgment and post-judgment interest;

      I.     Reasonable attorneys' fees and costs of the action; and

      J.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       August 10, 2018

Respectfully submitted,

*Brian Schaffer*

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra JANBAR, INC.
y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la
Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC §
216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer,
LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y
cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán
deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros
demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de
abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente:
(1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los
números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio.
Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea
favorable o desfavorable.

Firma (Signature)

Julio Christian Cancino Valverde

Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra JANBAR, INC. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

*William Lagos*
Firma (Signature)


*William ANTONIO Lagos*
Nombre legal completo (Imprenta) (Full Legal Name (Print))