**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO CANCINO and WILLIAM LAGOS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>JANBAR, INC., JANBAR GROUP, INC., and JANUSZ BARTNICKI individually,<br><br>　　　　　　　　　Defendants. | No: 18 Civ. 7219 (PAE) |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR COURT AUTHORIZED NOTICE
PURSUANT TO THE FAIR LABOR STANDARDS ACT**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 1

I. PROCEDURAL HISTORY ..... 1

II. STATEMENT OF FACTS ..... 3

A. Defendants. ..... 3

B. Eligible Employees for Court Authorized Notice ..... 3

LEGAL ANALYSIS ..... 4

I. APPLICABLE LAW ..... 4

II. FOREMEN AND PAINTERS ARE SIMILARLY SITUATED TO PLAINTIFFS ..... 7

CONCLUSION ..... 9

# **TABLE OF AUTHORITIES**

**Cases**................................................................................................................................**Page Number**

*Chhab v. Darden Restaurants*,
  No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) ..................................5

*Cortes, et al. v. New Creators, Inc., et al.*,
  No. 15 Civ. 5680 (PAE), 2015 WL 7076009 (S.D.N.Y. Nov. 12, 2015)...................................4

*Diaz v. S & H Bondi's Dep't Store*,
  No. 10 CIV. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) .................................5, 6

*Ferreira v. Modell's Sporting Goods, Inc.*,
  No. 11 Civ. 2395 (DAB), 2012 WL 2952922 (S.D.N.Y. July 16, 2012) ............................... 5, 6

*Flood v. Just Energy Mktg. Corp.*,
  No. 15 CIV. 2012 (AT), 2016 WL 354078 (S.D.N.Y. Jan. 25, 2016) ........................................4

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ...............................7

*Guaman v. 5 "M" Corp., et al.*,
  No. 13 Civ. 3820 (LGS), 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ................................4, 7

*Grant v. Warner Music Grp. Corp.*,
  No. 13 CIV. 4449 PGG, 2014 WL 1918602 (S.D.N.Y. May 13, 2014) ................................... 6

*Hotaranu v. Star Nissan Inc.*,
  No. 16 Civ. 2017 WL 1390808 (RML) (E.D.N.Y. Apr. 12, 2017) .......................................... 6

*Iglesias-Mendoza v. La Belle Farm, Inc., et al.*, 239 F.R.D. 363 (S.D.N.Y. Jan. 29, 2007) ..........7

*Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605 (S.D.N.Y. 2016) ........... *passim*

*Juarez v. 449 Rest., Inc.*,
  No. 13 Civ. 6977 (AJN), 2014 WL 3361765 (S.D.N.Y. July 2, 2014) .................................... 6

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ...................................5

*Morris v. Lettire Construction Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. Sept. 18, 2012) .... 6, 7, 8, 9

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir.  2010).................................................................4, 5

*Schaefer v. M & T Bank Corp.*, 122 F. Supp. 3d 189 (S.D.N.Y. 2015) ........................................ 5

*Taveras v. LSTD, LLC*,
   No. 18 Civ. 903 (VEC), 2018 WL 4103493 (S.D.N.Y. Aug. 28, 2018) ...................................... 5

*Young v. Cooper Cameron Corp.,* 229 F.R.D. 50 (S.D.N.Y.2005) .................................................... 5


**Statutes** ................................................................................................................................**Page Number**

29 U.S.C. § 216(b) ................................................................................................................. *passim*

**PRELIMINARY STATEMENT**

While the parties have agreed to nearly every term regarding the issuance of court authorized notice in this matter, the parties have been unable to agree on which of Defendants' employees should be eligible to receive notice. Plaintiffs contend that twenty-five (25) of Defendants' employees should be eligible to receive court authorized notice pursuant to 29 U.S.C. § 216(b), but Defendants have only consented to sixteen (16) of them stating that Plaintiffs have no connection and are not similarly situated to any and all current and former foremen and painters. As such, Plaintiffs are filing this motion to respectfully request that the Court order the inclusion of all current and former bforemen and painters, paid on an hourly basis, into the consented collective already containing all current and former roofers, carpenters, helpers, brick layers, mechanics and welders and that they be allowed to receive court authorized notice pursuant to 29 U.S.C. § 216(b).

**BACKGROUND**

**I.   PROCEDURAL HISTORY**

On April 19, 2018, Fitapelli & Schaffer, LLP ("F&S") on behalf of Julio Cancino and William Lagos (collectively, "Named Plaintiffs"), sent Janbar, Inc., Janbar Group, Inc., and Janusz Bartnicki (collectively, "Defendants") a pre-suit demand letter and draft complaint that outlined potential claims against Defendants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In that regard, Plaintiffs alleged that Defendants failed to provide its roofers, masons, restorers, general construction workers, and other non-exempt hourly workers (collectively, "Non-Exempt Hourly Workers") the proper overtime pay in violation of the FLSA and NYLL. On August 10, 2018, F&S filed the class and collective complaint on behalf of the Named Plaintiffs, opt-in plaintiffs (collectively, our "Clients" or "Plaintiffs") and all those similarly situated. *See* ECF

No. 1. Plaintiffs alleged the same policies and practices have been in effect at all of Defendants' construction sites and have affected all of Defendants' hourly employees. On September 8, 2018, Defendants filed their Answers. *See* ECF Nos. 14, 15.

On October 12, 2018, this Court conducted an initial pretrial conference in which both parties appeared. At the initial pretrial conference, the parties discussed a related matter, involving similar claims, which was currently pending in the Eastern District of New York ("EDNY"). On October 16, 2018, Plaintiffs filed a letter requesting a 30-day stay of the instant matter, while the EDNY matter proceeded before the Honorable Judge James Orenstein. *See* ECF No. 20. On October 18, 2018, Defendants filed a motion to transfer and consolidate the instant matter with the EDNY matter. *See* ECF No. 21. On November 1, 2018, the Court denied Defendants' motion and placed a stay on the instant matter. *See* ECF No. 22.

On February 15, 2019, Plaintiffs informed the Court regarding a settlement in the EDNY matter and asked that the stay be lifted, which the Court did on February 19, 2019. *See* ECF Nos. 23, 24. On February 27, 2019, the Parties filed a case management plan, which the Court so ordered (*see* ECF Nos. 25, 26), and on February 28, 2019, the Court set a 216(b) briefing schedule. *See* ECF No. 27. On March 14, 2019, the parties informed the Court that Defendants had consented to the issuance of court authorized notice and requested 30 days to negotiate the issuance and terms of the notice. *See* ECF No. 28. On April 29, 2019, the parties informed the Court that while they were largely in agreement with respect to the issuance, terms, and format of court authorized notice pursuant to 29 U.S.C. § 216(b), there was one outstanding issue in which the parties required the Court's guidance. *See* ECF No.32. In that regard, the parties requested that the Court determine whether nine (9) additional individuals, who were paid on an hourly basis, should be included in the set of individuals who the parties already agreed will receive court authorized notice. *Id.* The Court

set the briefing schedule on May 13, 2019, and on May 21, 2019, counsel for Defendants filed a motion to withdraw. *See* ECF Nos. 33, 34.[1]

## II.    STATEMENT OF FACTS

### A.    Defendants

Defendants operate a general contracting company located in Brooklyn, New York. They provide a range of general construction services including roofing, exterior restoration, waterproofing, masonry, interior models, and new building construction in the New York City, New Jersey, and Long Island areas. Since its inception in 2002, the company "has been responsible for completing over a hundred projects" including those involving "very important and famous landmark buildings."[2] The company employs a variety of individuals, and a majority of their employees perform manual labor paid on an hourly basis.

### B.    Eligible Employees for Court Authorized Notice

In order to supplement the parties' discussions regarding court authorized notice, Defendants provided Plaintiffs with a list containing all of Defendants employees. *See* **Exhibit ("Ex.") A**, Redacted Employee List. The Redacted Employee List contained the names, positions, form of compensation, and dates of employment for all of Defendants' employees. *Id*. Of the approximately 44 individuals on the list, Plaintiffs contend that twenty-five (25) of the individuals on the Redacted Employee List, should be included in the collective and receive court authorized notice pursuant to 29 U.S.C. § 216(b). The positions of these individuals are: roofers, carpenters, helpers, brick layers, mechanics, welders, foremen, and painters. All twenty-five (25) were

---

1 In Defendants' counsel's motion to withdraw, counsel also moved the Court to stay any briefing on this matter while his motion was pending. The Court has yet to rule on their motion.
2 The Projects Page, Janbar, Inc. Website (available at http://janbarinc.com/?page_id=25, *last accessed*, May 24, 2019).

3

compensated on an hourly basis, and Plaintiffs argue that based on Defendants' universal policies and procedures, all twenty-five (25) were denied the proper overtime compensation. Defendants consented to the inclusion of sixteen (16) of the twenty-five (25) requested by Plaintiffs. However, they have not consented to nine (9) individuals who were employed by Defendants as either foremen or painters, even though the Redacted Employee List illustrates that they were similarly paid on an hourly basis. *See* **Ex. A**, Redacted Employee List.

## LEGAL ANALYSIS

### I. APPLICABLE LAW

In a collective action under the FLSA, only plaintiffs who affirmatively opt into a case can benefit from the judgment or be bound by it. *See Guaman v. 5 "M" Corp., et al.*, No. 13 Civ. 3820 (LGS), 2013 WL 5745905, at *2 (S.D.N.Y. Oct. 23, 2013). "Certification is simply the district court's exercise of the discretionary power… to facilitate the sending of notice to potential class members." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (internal quotations omitted). Plaintiffs, in an action against their employer under the FLSA, can bring claims against their employer on behalf of themselves and all other employees similarly situated. *See Guaman*, 2013 WL 5748905, at *2; 29 U.S.C. § 216 (b).

Courts in this Circuit use a two-step method to assess whether plaintiffs in an action are similarly situated and therefore certify a collective action. *See Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 618 (S.D.N.Y. 2016) (Engelmayer, J.); *Cortes, et al. v. New Creators, Inc., et al.*, No. 15 Civ. 5680 (PAE), 2015 WL 7076009, at *2 (S.D.N.Y. Nov. 12, 2015) (Engelmayer, J.). *See also Flood v. Just Energy Mktg. Corp.*, No. 15 CIV. 2012 (AT), 2016 WL 354078, at *2 (S.D.N.Y. Jan. 25, 2016) (*citing Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d

Cir. 2010)); *Diaz v. S & H Bondi's Dep't Store*, No. 10 CIV. 7676 (PGG), 2012 WL 137460, at *3 (S.D.N.Y. Jan. 18, 2012)

At the first stage, a court determines whether the named plaintiffs and the potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and to allow the case to proceed as a collective action through discovery. *Chhab v. Darden Restaurants*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *9 (S.D.N.Y. Sept. 20, 2013). As such, plaintiffs need only make a modest factual showing that they and other putative collective action members were victims of an unlawful common policy or plan. *Schaefer v. M & T Bank Corp.*, 122 F. Supp. 3d 189, 193 (S.D.N.Y. 2015). *See also Johnson*, 160 F. Supp. 3d at 610 (quoting *Myers*, 624 F.3d at 555) (Engelmayer, J.); *Taveras v. LSTD, LLC*, No. 18 Civ. 903 (VEC), 2018 WL 4103493, at *1 (S.D.N.Y. Aug. 28, 2018).

"[T]he Second Circuit has emphasized that the standard of proof should remain "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist.'" *See Chhab*, 13 WL 5308004, at *10. (*citing Myers*, 624 F.3d 537, 555 (2d Cir. 2010)) "Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y.2005)) ("The focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated."). Rather, if the court finds that similarly situated potential plaintiffs exist, "the Court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action should continue as a

'collective action throughout the discovery process.'" *Ferreira v. Modell's Sporting Goods, Inc.*, No. 11 Civ. 2395 (DAB), 2012 WL 2952922, at *2 (S.D.N.Y. July 16, 2012).

"At this initial preliminary certification stage, however, plaintiffs' burden 'is minimal, and generally courts in this circuit require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Hotaranu v. Star Nissan Inc.*, No. 16 Civ. 2017 WL 1390808 (RML), at *3 (E.D.N.Y. Apr. 12, 2017). Rather than proving an actual FLSA violation, plaintiffs need only make a "modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Juarez v. 449 Rest., Inc.*, No. 13 Civ. 6977 (AJN), 2014 WL 3361765, at *4 (S.D.N.Y. July 2, 2014); *see Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 270 (S.D.N.Y. Sept. 18, 2012) ("To satisfy this burden, the plaintiff must offer substantial allegations demonstrating a factual nexus between the plaintiff and the potential opt-in plaintiffs."); *Diaz*, 2012 WL 137460, at *5 (S.D.N.Y. Jan. 18, 2012) ("The Court will not 'wade into a thicket of competing factual assertions at this preliminary stage,' nor will it make credibility determinations.") "Plaintiffs may satisfy their 'minimal' burden by relying on their own pleadings and affidavits, or the affidavits of potential members of the collective action." *Grant v. Warner Music Grp. Corp.*, No. 13 CIV. 4449 PGG, 2014 WL 1918602, at *3 (S.D.N.Y. May 13, 2014).

Moreover, plaintiffs need not show the existence of a facially unlawful formal policy in order to meet their burden. Rather, plaintiffs' evidence of a "*de facto*" policy, which in practice resulted in a pattern of FLSA violations, will suffice. *See Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 618 (S.D.N.Y. 2016) (Engelmayer, J.) (granting plaintiffs' motion for conditional certification of an FLSA collective action for finding that all former flagmen and other construction employees were subjected to the same employment practices as the named plaintiffs);

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (granting conditional class certification for all non-exempt hourly employees of defendants' six restaurants).

Courts in this Circuit regularly hold that individual plaintiff(s) are similarly situated to other potential opt-in plaintiffs who are subjected to the same policies and procedures and therefore grant first-stage certification. *See Johnson*, 160 F. Supp. 3d at 611 (Engelmayer, J.) (granting conditional certification as to flagmen and other construction employees employed by defendants); *Morris*, 896 F. Supp. 2d at 274 (conditionally certifying a collective action consisting of all foremen and laborers at defendants' construction sites amid allegations of common conduct across multiple locations and common ownership and control), *Guaman*, 2013 WL 5745905 at *4 (holding that plaintiff met the minimal evidentiary burden to determine that all non-exempt employees in the restaurant were similarly situated); *Iglesias-Mendoza v. La Belle Farm, Inc., et al.*, 239 F.R.D. 363, 368-69 (S.D.N.Y. Jan. 29, 2007) (holding all farm workers subjected to the same compensation policy are similarly situated regardless of job titles and duties).

## II.   FOREMEN AND PAINTERS ARE SIMILARLY SITUATED TO PLAINTIFFS

While Defendants consented to the issuance of court authorized notice to all current and former hourly roofers, brick layers, carpenters, helpers, welders, and mechanics employed by Defendants, they have opposed the inclusion of all current and former foremen and painters paid on an hourly basis. Defendants rely on the fact that the individuals' titles are different than those they already consented to and that they performed additional duties. Given the applicable law set by the Second Circuit and to the fact that they have already consented to numerous different titles and positions, it is clear that Defendants' opposition is not tenable.

As stated in the Complaint, Defendants had a policy and practice by which they failed to provide their Non-Exempt Hourly Workers with the proper overtime compensation for all hours

7

worked in excess of forty (40) per week. *See* ECF No. 1. In that regard, Defendants had a policy and practice of providing their Non-Exempt Hourly Workers with their regular rate of pay for all hours worked. There is no question that the nine (9) individuals currently being contested are paid on an hourly basis just like Defendants' other Non-Exempt Hourly Workers. *See* **Ex. A**, Redacted Employee List. In addition, Defendants cannot deny that the individuals in question have worked at the same locations as all other Non-Exempt Hourly Workers and that they have performed the same type of manual labor Plaintiffs and all other Non-Exempt Hourly Workers performed for Defendants. Furthermore, at no point have Defendants stated that a separate compensation policy applied to their hourly foremen and painters as opposed to the one applied to all other Non-Exempt Hourly Workers. In that regard, Defendants have not provided any documentation or payroll information to suggest that the nine (9) individuals in question were provided with overtime compensation. In fact, the only real difference between all of Defendants' Non-Exempt Hourly Workers are their titles, which this Court as well as other courts in this Circuit have held to be insufficient to prove that the employees in question are not similarly situated. *See Johnson*, 160 F. Supp. 3d at 611 (Engelmayer, J.) (granting conditional certification to flagmen and other construction employees employed by defendants); *Morris*, 896 F. Supp. at 274 (conditionally certifying a collective action consisting of all foremen and laborers at defendants' construction sites).

As such, it is easy to infer that the policy and procedure regarding overtime compensation established by Defendants applied to all Non-Exempt Hourly Workers regardless of their positions and/or titles. Given these facts and the minimal burden that must be met by Plaintiffs at this stage of the certification process, it is Plaintiffs' position that all twenty-five (25) hourly employees contained in the Redacted Employee List who worked as either foremen, roofers, carpenters,

8

helpers, brick layers, painters, mechanics, and welders should be issued court authorized notice and given an opportunity to "opt-in" to this matter. *See* **Ex. A**, Redacted Employee List; s*ee also Johnson*, 160 F. Supp. 3d at 611 (Engelmayer, J.); *Morris*, 896 F. Supp. 2d at 274.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court: (1) conditionally certify this action as a collective action pursuant to Section 216(b) of the FLSA; and (2) order that all current and former foremen and painters paid on an hourly basis be included in the collective already consented to by the parties.

Dated: New York, New York
      May 24, 2019

                                      Respectfully submitted,

                                      By:

                                      /s/ Arsenio Rodriguez
                                      Arsenio Rodriguez

                                      **FITAPELLI & SCHAFFER, LLP**
                                      28 Liberty Street, 30th Floor
                                      New York, NY 10005
                                      Telephone: (212) 300-0375