UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JULIO CANCINO and WILLIAM LAGOS
Individually and on behalf of all others similarly situated,

                 Plaintiffs,              Docket No. 18 CV 7219
                                              (PAE)

     -against-

JANBAR INC., JANBAR GROUP INC, AND
 And  JANUSZ BARTNICKI individually,
                          Defendants .
----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SERVE THE SETTLED NOTICE FOR COLLECTIVE ACTION UNDER FLSA SEC 216(B) ON FOREMEN FOR THE DEFENDANTS AS WELL AS TO NON-CONSTRUCTION PERSONNEL**

## TABLE OF AUTHORITIES

_Cases_

Diaz v. S&H Bondi Dep't Store, No.10 CIV 7676 2012 WL 137460
(S.D.N.Y,2012) ………………………………………………… 5

Cortes v. New Creators Inc., 2015 WL 7076009 (S.D.N.Y.,2015) ………………… 4

Fasanelli v. Heartland Brewery Inc, 516 F.2d 317,324 (S.D.N.Y, 2007)…………… 5

Guaman v. 5 "M"Corp et al, 2013 WL 574905 (S.D.N.Y., 2013)……………………5

Iglesias-Mendoza v. La Belle Farm Inc, 239 F.R.D. 363 (S.D.N.Y.,22017)………… 5

Johnson v. Carlo Lizza & Sons Paving Inc, 160 F. Supp3d 605, (S.D.N.Y.,2016)….. 3

Martin v. Sprint United Management Company, 2016 WL 30334  (S.D.N.Y.,2017) .. 3

Morris v. Lettire Const. Corp., 896 F. Supp.2d 655 (S.D.N.Y.,2012) ……………….. 5

Sanchez  v. JMP Ventures LLC.  No. 13 Civ 7264 (KBF) , 2014 WL 465542
 (S.D.N.Y., Jan.27,2014) ………………………………………… 4,5

She Jian Guo v. Tommy's Sushi Inc. , 2014 WL 5314822 (S.D.N.Y.,2014)……… 4,5

Vasto v. Credico (USA) LLC,2016 WL 2658172 ( S.D.N.Y, 2016) ……………….. 3

_Statutes_

FLSA Sec. 216(b) …………………………………………………………2,7,8

<u>RELEVANT STATEMENT OF FACTS</u>

Plaintiffs construction workers commenced the present FLSA action in August of 2018 with the filing of the summons and complaint, see Exhibit 1, for causes of action under FLSA and NYSLL for underpayment of overtime hours earned as such are alleged to have been at standard hourly rates instead of the statutory required 150% of the standard hourly rate.

Although the parties have fully agreed on the contents of the FLSA Collective action as initially to be approved by this Court, the parties disagree on the universe of the collective action composition. Plaintiffs claim that although none of the four plaintiffs is a foreman or non-construction worker, the foremen and two painters who are not alleged to be construction workers should be also served with a copy of the collective action notice .

As per the complaint filed , Plaintiffs have stated no factual nexus to either the foremen or the two painters. There is nothing on such filed complaint indicating that the foremen or the painters are similarly situated with them. There has been no declaration or affidavit describing the working hours , the duties, and the locations where such foremen work as well as the foremen's clerical duties besides the construction worker or even if they consistently stay at one site during the entire duration of the work day.  Any such submissions on remedying factual deficiencies should  be discounted by  the Court as lacking any credibility as of this stage of the motion.

**Defendants per emails and correspondence never agreed to have the collective action defined as to include all non-exempt employees as erroneously sent to this Court on the motion letter of April 29,2019 attachment and as ordered by the May 13,2019 briefing scheduling but instead similarly situated employees.**

-1-

*ISSUES OF LAW*

1- Whether in this case of first impression the plaintiffs construction workers have stated a

sufficient factual nexus to the foremen working for the defendants to be considered

similarly situated and be part of the collective action under FLSA Sec. 216(b) when the

submitted complaint by the construction workers does not include a single foreman and

such complaint does not even establish a factual nexus between the construction workers

plaintiffs and the non-plaintiffs foremen, in light also that there are no such supporting

declarations even alleging such factual nexus for such inclusion of the foremen in the

collective action ?


2- Whether in this case of first impression the plaintiffs construction workers have stated a

sufficient factual nexus to the painters working for the defendants to be considered

similarly situated and be part of the collective action under FLSA Sec. 216(b) when the

submitted complaint by the construction workers does not include a single painter and

such complaint does not even establish a factual nexus between the construction workers

plaintiffs and the non-plaintiffs painters, in light also that there are no such supporting

declarations even alleging such factual nexus for such inclusion of the painters in the

collective action ?

-2-

*LEGAL ANALYSIS*

**POINT I - PLAINTIFFS CONSTRUCTION WORKERS' SUBMISSIONS ON THIS PROCEEDING AND THIS MOTION FAIL TO ESTABLISH A FACTUAL NEXUS TO NON-PLAINTIFFS FOREMEN AND FAIL EVEN THE MODEST FACTUAL CONNECTION FOR THE FOREMEN TO BE SIMILARLY SITUATED**

For similarly situated employees to be qualified as included under a collective action , there must be sufficient assertions that are supported , even modestly, <u>Vasto v. Credico (USA) LLC,</u>2016 WL 2658172 ( S.D.N.Y, 2016) where this Court held that the declarations presented by plaintiffs met the " modest factual showing of a factual nexus that binds all of the members of the proposed collective action together as victims of a common unlawful practices [ citations omitted]. Such supporting basis for such inclusion there was held by this Court to be found on at the conditional certification stage to consist of statements by supervisors or managers to be probative evidence of a company-wide policy and documents supporting the declarations submitted.

In contrast, this Court's holding denying a broader collective action in <u>Martin v. Sprint United Management Company,</u> 2016 WL 30334 (S.D.N.Y.,2017) was based on the facts that there were no declarations by the plaintiff agents that other agents employed by another division were subject to the same unlawful practices and therefore found them not to be similarly situated.

It is worth noting that this Court in <u>Johnson v. Carlo Lizza & Sons Paving Inc.</u> 160 F. Supp3d 605, (S.D.N.Y.,2016) found the modest showing criteria met "*albeit with some*

-3-

*hesitation"* from the flagmen that other similarly situated flagman were part of the collective

action from the flagmen' declarations provided.   The reason for this Court to approve the

collective action to include other construction workers was due to defendants' decision not to

oppose the motion for conditional certification. Such defendants' acquiescence was the basis for

finding similarity even though the Court had noted that such cursory showing was insufficient.

Therefore, plaintiffs' counsel explanation for the holding on Pg. 6 is incorrect.  Specifically, such

Court's decision states on this point that :

> *"As to other construction employees, plaintiffs merely state conclusory, that, through observations and discussions with co-workers, they are aware that other construction employees were subjected  to the same corporate policy of failing to pay overtime. See Little Decl. # 24, Johnson Decl # 14. Yet most of the individuals with whom plaintiffs had discussions, were , by their own account, fellow flagmen. See Id. Only a handful of other, non-flagmen employees are identified, and plaintiffs do not recite any specifics about any discussions with those individuals. Those vague and conclusory assertions of similarity doe not suffice. See Guo [ She Jian Guo v. Tommy's Sushi Inc. , 2014 WL 5314822 at 3 ( finding insufficient plaintiffs' declarations that they would discuss wages with their co-workers – named plaintiffs were deliverymen - who did not receive lawful wages); see also Sanchez  v. JMP Ventures LLC.  No. 13 Civ 7264 (KBF) , 2014 WL 465542 at 2 (S.D.N.Y., Jan.27,2014) ( denying conditional certification where plaintiff provided only "generalized allegations"  without any detail as to a single such observation or conversation".*

Plaintiffs' citation of  Cortes v. New Creators Inc., 2015 WL 7076009 (S.D.N.Y.,2015) is

inapposite because in that restaurant related business the  plaintiffs were either servers and/or

kitchen workers, and there were no foremen or supervisors included, or  Receptionist Planner , as

plaintiff Cortes attested that the restaurant's employees included sushi  chefs, servers, and

kitchen workers similarly situated, and that he spoke to them and they told him that they also

worked for more than forty without being compensated for the overtime earned . That is a drastic

difference from the facts of this case where Plaintiffs here seek to include foremen without any

Reference them or any declaration supporting the present allegation that foremen based on their work duties and pay structure are similarly situated to the plaintiffs to be included in the same conditional class. Such far stretch without any even modest showing is rejected by Defendants here.

Similarly in _Guo_ [ She Jian Guo v. Tommy's Sushi Inc. , *2014 WL 5314822* (S.D.N.Y.,2014) this Court denied the inclusion of other types of employees such as chefs, waiters, kitchen workers, dishwashers  in the collective conditional action consisting of deliverymen for a restaurant because in the deliverymen plaintiffs' declarations that they had such conversations with their fellow co-workers to discuss and compare their wages and that they were personally aware of several kitchen workers who did not receive the minimum wages and overtime required by law.  This Court held  such allegations as "..*vague, conclusory and unsupported assertions* as  insufficient to satisfy even the modest low criteria required for a conditional certification. Further explaining  that " *Although plaintiffs' burden at this stage is modest , it is not non-existent and certification is not automatic* [citation omitted]. And citing further  _Sanchez  v. JMP Ventures LLC._  No. 13 Civ 7264 (KBF) , 2014 WL 465542 at 2 (S.D.N.Y., Jan.27,2014) **where plaintiff provided only generalized allegations without any detail as to a single such observation or conversation.**


Clearly, Plaintiffs here have cited general cases on collective action which do not specifically address the narrow issues presented in this case, as stated above. Hence, Diaz v. S&H Bondi Dep't Store, No.10 CIV 7676 (PGG) 2012 WL 137460 at 3 (S.D.N.Y,2012) only address similar store employees and as described to the Court by plaintiffs' declarations. Here,

we do not have similarities on the employment of foremen vis-à-vis construction workers and here there is no declaration describing anything at all about the foremen or the painters.    And in another inapposite case cited by them of <u>Fasanelli v. Heartland Brewery Inc</u>,  516 F.2d 317,324 (S.D.N.Y, 2007)  the Court granted the conditional certification on all of the six restaurants based on finding of factual nexus  related to descriptions on the complaint and of eight declarations of different types of employees at the restaurant. Here we have none of such complaint descriptions or any declarant statements for foremen or painters.    And another inapposite case , again with restaurants, in <u>Guaman v. 5 "M"Corp et al,</u> 2013 WL 574905 (S.D.N.Y., 2013), the Court solely relying of affidavits provided of plaintiff and description with basis for such description granted the collective certification of one restaurant owned by the defendants but denied such collective action certification on four other restaurants where such employee plaintiff claimed to be part of the same collective action, as misleadingly again not stated accurately by Plaintiffs' legal counsel. Similarly inapposite is <u>Iglesias-Mendoza v. La Belle Farm Inc,</u> 239 F.R.D. 363 (S.D.N.Y.,22017) where the Court granted the collective certification on a poultry processing plant for all employees because the pleadings and submitted declarations provided sufficient details on observations and discussions with other types of workers . Here, again the Court was provided with none of that at all.

Most significant is the inapposite  misleading citation by Plaintiff's counsel of  <u>Morris v. Lettire Const. Corp.,</u> 896 F. Supp.2d 655 (S.D.N.Y.,2012) of an FLSA action **by both**  foremen and construction workers supported by such allegations by both foremen and construction workers with also declarations filed in the conditional certification of a collective class action

-6-

under FLSA Sec 216(b) including them both, and where the Court held and found substantial allegations demonstrating a factual nexus between the plaintiffs and the potential opt-in plaintiffs. In that case the Court refers and supports its holding based on the filed declarations of plaintiffs Morris, Gardner and Henry who worked as either a foreman or a laborer at one of more the Company's construction sites as well as such description of the factual nexus for foremen on the pleadings. Here, however not one of the four plaintiffs produced by legal counsel was a foremen. Not one declaration was filed in support of this motion by anyone describing the factual nexus between the foremen and the four plaintiffs construction workers. And the pleadings by the plaintiffs do not meet such required substantial allegations on the factual nexus either.

**POINT II - PLAINTIFFS CONSTRUCTION WORKERS' SUBMISSIONS ON THIS PROCEEDING AND THIS MOTION FAIL TO ESTABLISH A FACTUAL NEXUS TO NON-PLAINTIFFS TWO PAINTERS IN THE EMPLOYEE LIST AND FAIL EVEN THE MODEST FACTUAL CONNECTION FOR THE FOREMEN TO BE SIMILARLY SITUATED**

All of the above legal analysis stated for the foremen equally applies to the two painters who are not construction workers and is not even alleged by anyone to have been part of the day to day construction workers crew at any construction site. There is an obvious lack of any factual nexus between the plaintiffs construction workers and the two painters listed on the employee list provided to the plaintiffs' legal counsel.

It must be noted that Plaintiffs' counsel assertion on their Memorandum of Law Pg. 7 , as follows, is baffling for it provides no citation as to their claim that :

-7-

*"Defendants rely* [on their opposition to the motion to include foremen and two painters] *on the fact that the individuals' titles are different than those they already consented to and that they performed additional duties. Given the applicable law set by the Second Circuit and to the fact that they have already consented to numerous titles and positions , it is clear Defendants' position is not tenable".*

There is no such Second Circuit decision , as incorrectly alleged by Plaintiffs' counsel, and none was provided by them on whose burden is to have the present motion considered by the Court.  There is no reference provided either by them as to conjectures and speculation on facts as to the titles by  defendants' employees. None whatsoever.  The burden to prove Plaintiffs' motion is theirs and could not even provide a modest showing of such factual nexus between the plaintiffs and the foremen and the two painters, as per the case law cited above, and as misleadingly presented by Plaintiffs' counsel to exclude significant facts on the holdings they cited to make such citations totally inapposite.  There is no case cited where all plaintiffs were workers with no foremen/supervisors included with them to then have such foremen/supervisors be included in the factual nexus.  The plaintiffs' silence on such issues on their own pleadings, Exhibit 1,  and the lack of a single declaration provided to support their conjectures and speculations fatally doom their application to this Court. Therefore, defendants oppose any such notice to opt-in for any foremen or the two painters.

## CONCLUSION

Without prejudice to defendants' accepting the granting of the  conditional collective action under FLSA Sec. 216 (b), and noting that Defendants per emails and correspondence never agreed to have the collective action defined as to include all non-exempt employees as

-8-

erroneously sent to this Court on the motion letter of April 29,2019 attachment and as ordered by

the May 13,2019 briefing scheduling but instead similarly situated employees ,defendants

request that the plaintiffs' motion to include foremen and the two painters employed and

formerly employed by the defendants in this action be denied in its entirety , and that such

notices not be sent to the foremen and the two painters.

Dated : Flushing, New York
       June 7, 2019

                                    Felipe ("Philip") Orner
                                    Attorney for Defendants
                                    72-29 137th Street
                                    Flushing, N.Y. 11367
                                     (718) 575-9600