UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2019

JULIO CANCINO and WILLIAM LAGOS, individually and on behalf of all others similarly situated,

        Plaintiffs,

-v-

JANBAR, INC., JANBAR GROUP, INC., and JANUSZ BARTNICKI individually,

        Defendants.

18 Civ. 7219 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

  Julio Cancino and William Lagos bring this action on behalf of themselves and similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 195 *et seq.* Both Cancino and Lagos claim that they worked as manual laborers for Janusz Bartnicki and his companies Janbar, Inc., and Janbar Group, Inc., at various worksites throughout the five boroughs of New York City and were not paid for overtime hours that they worked. Cancino worked as a roofer, and Lagos worked as a laborer and mason.

  Plaintiffs have identified a list of 25 co-workers whom they claim are non-exempt workers who similarly were not compensated by defendants for overtime work. These individuals include: roofers, carpenters, helpers, brick layers, mechanics, welders, foremen, and painters. Defendants agree that 16 of these individuals are properly included in the conditional collective, but dispute whether the remaining nine—exclusively foremen and painters—are properly included.

For the following reasons, the Court grants conditional certification for plaintiffs' claims of overtime violations as to all 25 individuals whom plaintiffs have identified as non-exempt workers whom defendants allegedly failed to pay overtime at the statutorily required rate.

I. **Background**[1]

   A. **Factual Allegations**

Bartnicki owns and operates Janbar, Inc., and Janbar Group, Inc. (collectively "Janbar"), two New York corporations with principal places of business in New York. Compl. ¶¶ 20–21, 27–28. Janbar provides general construction services in New York and New Jersey. *Id.* ¶ 2. Janbar's range of services includes "roofing, exterior restoration, waterproofing, masonry, interior remodel[ing], and new building construction." *Id.* As owner of Janbar, Bartnicki makes payroll decisions for Janbar, including maintaining time and wage records. *Id.* ¶ 38.

Plaintiffs allege that Janbar has failed to compensate them at a rate of 1.5 times their regular rate of pay for each hour they work in excess of 40 hours per week. *Id.* ¶ 5. From on or about October 20, 2017 through on or about March 5, 2018, Cancino claims that he worked for Janbar as a roofer. *Id.* ¶ 64. He claims that during his employment, he typically worked 50 hours a week from Monday to Friday from 8 a.m. to 6 p.m. *Id.* ¶ 66. Despite regularly working more than 40 hours each week, Cancino claims that Janbar only paid him his regular rate of pay for the overtime hours. *Id.* ¶ 68. He further claims that Janbar failed to provide him with accurate wage statements and proper annual wage notices. *Id.* ¶¶ 69–70.

From in or around 2012 through on or about July 3, 2018, Lagos worked as a laborer and mason for Janbar. *Id.* ¶ 71. He likewise alleges that he generally worked approximately 50 hours per week and that Janbar failed to pay him proper overtime compensation. *Id.* ¶¶ 71–75.

---

[1] The Court's account of the facts is drawn from the Complaint, Dkt. 1 ("Compl.").

2

He, too, claims that he did not receive accurate wage statements or annual wage notices. *Id.* ¶¶ 76–77.

### B.   Procedural History

On August 10, 2018, plaintiffs filed the Complaint. Dkt. 1. On September 8, 2019, Janbar Group, Inc., and Janbar, Inc., filed an answer. Dkt. 14. On the same day, Bartnicki filed a separate answer. Dkt. 15.

On October 18, 2018, Janbar filed a motion to consolidate this case with an action filed in the United States District Court for the Eastern District of New York. Dkt. 21. On November 1, 2018, the Court denied the request to consolidate but stayed the case to facilitate settlement discussions. Dkt. 22. On February 19, 2019, the Court lifted the stay in this case. Dkt. 24.[2]

On May 24, 2019, plaintiffs filed a motion for conditional class and collective certification, Dkt. 35, a supporting memorandum of law, Dkt. 36, and accompanying exhibits. On June 7, 2019, Janbar, Inc., and Janbar Group, Inc., filed an opposing memorandum of law, and accompanying exhibits. Dkt. 38.

On June 26, 2019, Jonathan Alban and Stanislaw Szkutnik both filed notices of their consent to become party plaintiffs in this action. Dkts. 43–44.

## II.   Applicable Legal Standards

The FLSA provides that an action may be maintained against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 28 U.S.C. § 216(b). "Although they are not required to do so by FLSA, district courts

---

[2] On May 21, 2019, Philip Orner, Esq., counsel for defendants, moved to withdraw as counsel for all defendants. Dkt. 34. On June 3, 2019, the Court granted Mr. Orner's motion as to Bartnicki, but held in abeyance his motion as to the corporate defendants until June 24, 2019, at which point the Court permitted Orner to re-file his motion to withdraw as to them. Dkt. 37. On June 7, 2019, Mr. Orner withdrew his request to withdraw as counsel. Dkt. 40.

3

'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).[3] "In determining whether to exercise this discretion . . . the district courts of this Circuit appear to have coalesced around a two-step method," which the Second Circuit has endorsed as "sensible." *Id.* at 555; *see, e.g., Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman*, 982 F. Supp. at 261). Although "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *accord Damassia*, 2006 WL 2853871, at *3 ("[A] plaintiff's burden at this preliminary stage is 'minimal.'" (collecting cases)); *Hoffman*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one."). "A court need not evaluate the underlying merits of a plaintiff's claims to

---

[3] *Hoffman-La Roche* involved the parallel provision of the Age Discrimination in Employment Act, which incorporated the enforcement provisions of FLSA, including § 216(b). "*Hoffman-La Roche's* interpretation of § 216(b) . . . binds us in FLSA cases as well." *Myers*, 624 F.3d at 554 n.9.

4

determine whether the plaintiff has made the minimal showing necessary for court-authorized notice." *Damassia*, 2006 WL 2853971, at *3; *accord Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003); *Hoffman*, 982 F. Supp. at 262.

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

### III.  Discussion

Plaintiffs contend that defendants had a policy and practice of paying their non-exempt hourly workers according to their regular rate of pay for all hours worked, including overtime hours. Defendants have consented to send the court-authorized FLSA notice to current and former roofers, bricklayers, carpenters, helpers, welders, and mechanics who were employed between 2012 and the present and paid at an hourly rate by defendants. Dkt. 34. The parties dispute, however, whether such notice should also be sent to foremen and painters whom defendants also allegedly paid on an hourly basis.

Defendants contend that plaintiffs have failed to carry their burden to show that foremen and painters are similarly situated to plaintiffs and the other laborers whom defendants have agreed are properly sent notice of the collective action.

The Court, however, holds that plaintiffs have met their modest burden of showing that prospective members of the collective are similarly situated. Specifically, plaintiffs have alleged that defendants had a unitary policy and practice of failing to pay overtime for non-exempt hourly workers, extending beyond the categories of manual laborers into which plaintiffs fit—

5

roofers and masons—to a range of others, including bricklayers, mechanics, carpenters, and welders. Relevant too, plaintiffs allege that this practice equally extended to painters and foremen. Defendants have not refuted this claim, for example, by offering evidence of different methods for tabulating pay for persons in these positions. And plaintiffs have cited numerous cases in which courts have included foremen and other laborers in a conditionally certified collective where a plaintiff has alleged that the employees in question were subjected to the same unlawful policies and procedures. *See, e.g.*, *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 611 (S.D.N.Y. 2016) (granting conditional certification to collective consisting of flagmen and non-flagmen where plaintiffs alleged that both sets of employees were subject to the same policies and practices and defendants did not oppose class certification); *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012) (granting conditional certification to collective of foremen and other laborers who worked at various sites but were subject to a company-wide policy of failing to pay overtime wages). The Court therefore finds that the nine painters and foremen at issue are similarly situated to plaintiffs and to the employees whom defendants have agreed are properly part of the collective in this case—*e.g.*, bricklayers, carpenters, helpers, welders, and mechanics.

To be sure, defendants will be at liberty later to move for de-certification as to any such employee if, after discovery, it appears that the employees at issue were not in fact similarly situated. But plaintiffs' showing to date is sufficient. And the risks presented by notifying a broader set of potential plaintiffs than might ultimately prove justified are minimal: Plaintiffs are seeking to publish notice to nine workers more than defendants contend is warranted. They are not seeking a dramatically broader collective (*e.g.*, a nationwide class) than the proffered

evidence supports. *See, e.g., Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *5–13 (S.D.N.Y. Jan. 4, 2016).

Accordingly, the Court grants conditional certification as to all of the laborers that plaintiffs have identified as non-exempt hourly employees of defendants who worked, but were not adequately paid for, overtime. This collective includes painters and foremen.

## CONCLUSION

For the foregoing reasons, the Court grants collective certification for a class consisting of the 25 non-exempt current and former Janbar hourly employees included on defendants' list of its current and former employees. Dkt. 36 Ex. A. The Court directs the Clerk of Court to terminate the motions pending at Dkts. 34–35.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: August 27, 2019
　　　　New York, New York